Date Signed:
February 28, 2014



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>SANDRA JO ROBERTS,<br><br>Debtor. | Case No. 13-01094<br>Chapter 13<br><br>Re: Docket No. 53, 71 |

### ORDER OVERRULING OBJECTIONS TO CLAIM

The Association of Apartment Owners of Liona Kona ("Association") filed a proof of claim asserting a secured claim in the amount of $19,183.12 (claim no. 10-1). The Association later amended its claim to $19,700.68 (claim no. 10-2), including prepetition legal fees of $11,929.55.

The chapter 13 trustee objected to the claim (dkt. 53). The trustee stated that he had requested documentary support for the fees claimed, that the Association had provided only redacted billing statements, and that the trustee could not assess the reasonableness of the fees based on the redacted bills. In response (dkt. 54), the Association said that it had redacted information from the billing statements

because it did not want to reveal the names of its vendors to the debtor because it was afraid that, based on her prior conduct, the debtor would harass those vendors. The Association offered to provide unredacted copies of the billing statements to the court for in camera review.

At the hearing on the objection, I directed the Association to give me unredacted statements for in camera review and took the matter under advisement.

The Association has filed the unredacted statements under seal and has also amended its claim (claim no. 10-3) to $18,689.62. The reduction in the total claim is entirely attributable to a reduction in the legal fees to $10,918.49.

I have now reviewed the unredacted billing statements and compared them with the redacted versions.

The redaction was appropriate, although mostly not for the reasons given by the Association. Only a few of the redactions actually conceal the identity of vendors (see the expense entry for January 16 and 30, February 6 and 21, April 22 and 29, and June 4, 2013). Some of the redactions properly conceal personal identifying information, such as account and file numbers. Others conceal the substance of communications between the law firm and representatives of the Association; these redactions are arguably appropriate to protect work product or attorney-client privileged information, although most of the concealed information

2

U.S. Bankruptcy Court - Hawaii    #13-01094    Dkt # 75    Filed 02/28/14    Page 2 of 5

does not seem confidential or sensitive.  Some of the redactions conceal the substance of communications between the law firm and the debtor or third parties (see, e.g., time entries for February 6 and April 25, 2013); I can think of no basis for nondisclosure of that information.

Although the redactions are excessive and the reason given for the redactions is largely inapplicable, the debtor stated at the hearing that she already has unredacted copies of the billings.  Therefore, I will simply caution the Association's counsel to be more careful in making and explaining redactions in the future.

Based on my review of the unredacted timesheets and my knowledge of customary legal fees in this jurisdiction, I believe that the fees claimed are reasonable.  Portions of the work were done for flat fees, and those fees are reasonable.  For the work charged on an hourly basis, the hourly rates charged are reasonable in this community considering the nature of the work and the skill and experience of the billing professionals.  The hours expended are unusually high, but that is because the debtor is unusually litigious.

After the hearing on the trustee's objection, the debtor filed her own objection to the claim (dkt. 71).  That objection has not been set for hearing, and is arguably moot because, in the meantime, the Association filed another amended

3

claim. In order to avoid additional unnecessary expense to the parties, however, I will decide the debtor's objection now.

The debtor's objection is somewhat confusing, but it appears that she has two complaints about the Association's claim.

The debtor's first objection is that the Association charged her a legal fee of $197.92 for preparing a notice of lien that was never filed. The amended claim reduces the claim by that amount. (Claim no. 10-3 part 2 at 1.)

The debtor's second objection turns on a charge by the Association's counsel in the amount of $2,500.00 for a "cost retainer." The Association paid the law firm that amount (dkt. 53-1 at 22) and charged the full amount of the retainer to the debtor's account. The law firm applied the retainer to expense reimbursements (but not legal fees) as they were incurred.

The debtor contends that the unexpended balance of the cost retainer should be refunded to her. The amended claim shows that $1,339.18 was credited to her account.

The debtor's objection asserts that the refund should have been $1,495.43. Based on the emails attached to her objection, it appears that she objects to an expense of $156.25 incurred on July 8, 2013, for services rendered by a third party in connection with an auction that was cancelled. The cancellation of the auction

4

U.S. Bankruptcy Court - Hawaii   #13-01094   Dkt # 75   Filed 02/28/14   Page 4 of 5

does not imply that the cost of arranging for it is unreasonable or not compensable.

Therefore, it appears that the appropriate amount of the expense retainer has been applied to reduce the Association's claim.

Both objections to the Associations' claim are OVERRULED.

**END OF ORDER**